UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ERIC ATKINSON,                   :
     Plaintiff,                  :
                                 :
     v.                          :    Case No. 3:16cv1948(DJS)
                                 :
LIEUTENANT MCDONALD, ET AL.,     :
     Defendants.                 :
```

**<u>INITIAL REVIEW ORDER</u>**

    The plaintiff, Eric Atkinson, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut.  He has filed a complaint pursuant 42 U.S.C. § 1983 naming Lieutenant Jeff McDonald and Correctional Officers Neelton Gooden and Maurice Vereen-Froust as defendants. He alleges that the defendants violated his rights under the Eighth Amendment when they subjected him to cruel and unusual punishment in 2014 while he was incarcerated at the Bridgeport Correctional Center in Bridgeport, Connecticut. For the reasons set forth below, the complaint is dismissed in part.

    Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that

a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff asserts that on or about February 12, 2014, while he was housed at the Bridgeport Correctional Center, he became involved in a physical altercation with another inmate.  Lieutenant McDonald and Correctional Officers Gooden and Vereen-Froust responded to the emergency code.  When Correctional Officers Gooden and

Vereen-Froust arrived at the scene, they attempted to separate the plaintiff and the other inmate.  The plaintiff claims that Officer Gooden slammed his head into the concrete floor and that while he was on the floor, Officer Vereen-Froust kneed and punched him in the lower back and ribs.  Lieutenant McDonald looked on, but took no action to intervene and stop the excessive use of force.  The plaintiff was sent to a hospital and required stitches to close a wound on his forehead.

The plaintiff seeks declaratory and injunctive relief and monetary damages.  To the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the plaintiff has stated plausible Eighth Amendment claims that on or about February 12, 2014, Correctional Officers Gooden and Vereen-Froust used excessive force against him after he had engaged in a fight with another inmate and

3

Lieutenant McDonald failed to protect him from harm.  These claims will proceed against the defendants in their individual capacities as to claims for monetary damages and in their official capacities as to claims for declaratory and injunctive relief.

### ORDERS

The court enters the following orders:

(1)   The claims against all defendants in their official capacities for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Eighth Amendment claim of excessive force against Correctional Officers Gooden and Vereen-Froust and the Eighth Amendment claim of failure to protect from harm against Lieutenant McDonald will proceed.

(2)   Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)   Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each defendant and mail a waiver of service of process request packet to each defendant in his individual

capacity at his current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (4)   The defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

    (5)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

    (6)   All motions for summary judgment shall be filed within seven

months (210 days) from the date of this order.

SO ORDERED at Hartford, Connecticut this  23rd day of February, 2017.

```
_____/s/ DJS_____
         DOMINIC J. SQUATRITO
         UNITED STATES DISTRICT JUDGE
```